**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7509**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RAYMOND DAVID WILSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:05-cr-00279-DCN-1; 2:14-cv-02467-DCN)

Submitted: March 14, 2018                          Decided: March 29, 2018

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Raymond David Wilson, Appellant Pro Se.  Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Raymond David Wilson of armed robbery, in violation of 18 U.S.C. § 1951 (2012) (Hobbs Act robbery); use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012); and possession of crack, in violation of 21 U.S.C. § 844(a) (2012). In 2006, the district court sentenced Wilson to 360 months of imprisonment, and we affirmed the judgment on Wilson's appeal. Wilson later filed a 28 U.S.C. § 2255 (2012) motion challenging his convictions, and the district court denied relief on his motion. Thereafter, Wilson sought and obtained authorization from this court to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In the motion filed pursuant to that authorization, Wilson argued that he was no longer a career offender following *Johnson* and that his conviction for Hobbs Act robbery could no longer serve as a predicate crime of violence to support his § 924(c) conviction. The district court denied relief on his motion and Wilson now appeals. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

The jurisdiction of this court to review cases originating in the district court is limited to final decisions and certain specified interlocutory orders from those courts. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The Supreme Court has defined a "final decision" as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Even where no party questions this court's jurisdiction, we are obliged to "verify the existence of appellate

2

jurisdiction" in each appeal. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

"Ordinarily, a district court order is not final until it has resolved all claims as to all parties." *Id.* (emphasis and internal quotation marks omitted). In determining whether an order is a final appealable order, we look to the substance of the order rather than the label the district court places on it. *Id.* Thus, if "the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.* Here, the district court rejected Wilson's challenge to his career offender status based on *Beckles v. United States*, 137 S. Ct. 886 (2017). The court, however, failed to address Wilson's claim that his conviction for Hobbs Act robbery could not serve as a predicate crime of violence for his § 924(c) conviction. Therefore, the court never issued a final decision on Wilson's § 2255 motion and we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal and remand the case to the district court to consider Wilson's claim that his § 924(c) conviction is no longer valid. *See Porter*, 803 F.3d at 699. We express no view on the merits of this claim. We also deny Wilson's motion to assign counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED AND REMANDED*